UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00209-FDW

| | |
|---|---|
| WAVERLY ORLANDO HARSHAW, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Waverly Orlando Harshaw, Jr.'s pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Appoint Counsel and Motion for Evidentiary Hearing. (Doc. No. 2.)

**I.  PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina who was convicted of first-degree murder by a Catawba County Superior Court jury. State v. Harshaw, 532 S.E.2d 224, 225 (N.C. Ct. App. 2000). He was sentenced to life in prison without the possibility of parole. Id. Judgment was entered on August 4, 1998. Id.

Petitioner's judgment was affirmed by the North Carolina Court of Appeals. Id. at 228. Thereafter, Petitioner filed a petition for discretionary review in the North Carolina Supreme

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

Court, which was denied on August 24, 2000. State v. Harshaw, 544 S.E.2d 793 (N.C. 2000) (Mem). Although he indicates that he filed a petition for writ of certiorari in the United States Supreme Court, it appears Petitioner was referring to his petition for writ of certiorari in the North Carolina Supreme Court. (§ 2254 Pet. 3, Doc. No. 1; Dec. 8, 2016 Order Dis. Cert. Pet., Doc. No. 1-1.)

Petitioner filed a motion for appropriate relief ("MAR") in the Catawba County Superior Court on or about August 18, 2016. It was denied or dismissed, although Petitioner does not indicate when that occurred. The North Carolina Supreme Court entered an order on December 8, 2016, dismissing a petition for writ of certiorari Petitioner filed on October 24, 2016, seeking review of the Catawba County Superior Court order disposing of his MAR. (Dec. 8, 2016 Order Dis. Cert. Pet., Doc. No. 1-1.)

Petitioner filed the instant § 2254 Petition on November 15, 2017, when he placed it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises the following grounds for relief: 1) ineffective assistance of trial counsel related to a plea offer made prior to trial; 2) prosecutorial misconduct related to the prosecutor's closing argument to the jury; 3) underrepresentation of African Americans in the jury pool; and 4) error by the trial court in refusing to give a self-defense instruction to the jury. (§ 2254 Pet. 7-12.)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on or about November 22, 2000, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The federal statute of limitations then ran for 365 days until it full expired on or about November 22, 2001, almost 16 years before Petitioner filed the instant § 2254 Petition. Accordingly, absent equitable tolling or application of another AEDPA provision, the instant Petition is time-barred. See § 2244(d)(1)(A).

Petitioner filed a standard § 2254 form which requires applicants whose criminal judgment became final more than a year prior to explain why the one-year statute of limitations does not bar their habeas petition. Petitioner ignored this requirement, providing no reason for the untimeliness of his Petition. (§ 2254 Pet. ¶ 18.) Nevertheless, the Court shall provide him another opportunity to explain why the instant Petition should not be dismissed as untimely.

In his response, Petitioner may include any reasons why equitable tolling, see Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), or § 2244(d)(1)(B), (C), or (D) should apply.

Additionally, Petitioner may fill in any gaps in the timeline of his state court proceedings that he believes are relevant to the timeliness of this Petition. Failure to comply with the Court's Order shall result in dismissal of the Petition without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Within 21 days from entrance of this Order, Petitioner shall file a response explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely;

2. The Clerk of Court shall amend the docket by removing the "Motion to Appoint Counsel and Motion for Evidentiary Hearing" (Doc. No. 2), which was filed in error, and filing that document as an exhibit to the Petition for Writ of Habeas Corpus; and

3. The Clerk of Court shall substitute Erik A. Hooks for "State of North Carolina" as the respondent in this action.

Signed: November 29, 2017

Frank D. Whitney
Chief United States District Judge