UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00209-FDW

| | |
|---|---|
| WAVERLY ORLANDO HARSHAW, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Waverly Orlando Harshaw, Jr.'s pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1.)

### I.  PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina who was convicted of first-degree murder by a Catawba County Superior Court jury. State v. Harshaw, 532 S.E.2d 224, 225 (N.C. Ct. App. 2000). He was sentenced to life in prison without the possibility of parole. Id. Judgment was entered on August 4, 1998. Id.

Petitioner's judgment was affirmed by the North Carolina Court of Appeals. Id. at 228. Thereafter, Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was denied on August 24, 2000. State v. Harshaw, 544 S.E.2d 793 (N.C. 2000) (Mem). Although he indicates that he filed a petition for writ of certiorari in the United States Supreme Court, it appears Petitioner was referring to his petition for writ of certiorari in the North Carolina Supreme Court. (§ 2254 Pet. 3, Doc. No. 1; Dec. 8, 2016 Order Dis. Cert. Pet., Doc. No. 1-1.)

Petitioner filed a motion for appropriate relief ("MAR") in the Catawba County Superior

Court on or about August 18, 2016. It was denied or dismissed, although Petitioner does not indicate when that occurred. The North Carolina Supreme Court entered an order on December 8, 2016, dismissing a petition for writ of certiorari Petitioner filed on October 24, 2016, seeking review of the Catawba County Superior Court order disposing of his MAR. (Dec. 8, 2016 Order Dis. Cert. Pet., Doc. No. 1-1.)

Petitioner filed the instant § 2254 Petition on November 15, 2017, when he placed it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises the following grounds for relief: 1) ineffective assistance of trial counsel related to a plea offer made prior to trial; 2) prosecutorial misconduct related to the prosecutor's closing argument to the jury; 3) underrepresentation of African Americans in the jury pool; and 4) error by the trial court in refusing to give a self-defense instruction to the jury. (§ 2254 Pet. 7-12.)

The Court notified Petitioner that the habeas Petition appeared to be time-barred and, pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), provided him an opportunity to explain to the Court why the Petition should not be dismissed as untimely. Petitioner filed a response, arguing his ignorance of the law warranted equitable tolling of the statute of limitations.

**II.    STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Generally, the petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[1] The limitations period is tolled during the

---

[1] AEDPA provides three alternate start dates for the statute of limitation. See § 2244(d)(1)(B)-(D). However, Petitioner does not allege any facts that would support application of one or more of those alternate dates.

pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on or about November 22, 2000, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The federal statute of limitations then ran for 365 days until it full expired on or about November 22, 2001, almost 16 years before Petitioner filed the instant § 2254 Petition. Accordingly, absent equitable tolling or application of another AEDPA provision, the instant Petition is time-barred. See § 2244(d)(1)(A).

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner asserts that lack of legal resources and his own ignorance of the law justifies equitable tolling. "[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A]

3

petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling.

Petitioner has not diligently pursued his rights in the state courts, and he has not cited any circumstance that stood in the way of timely filing his § 2254 Petition. As such, Petitioner is not entitled to equitable tolling of the statute of limitations.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely.

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 1, 2019

Frank D. Whitney
Chief United States District Judge